**JOSEPH M. McMULLEN**
California State Bar No. 246757
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: Joseph_McMullen@fd.org

Attorneys for Mr. Zepeda-Montes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1275-H |
| Plaintiff, | DATE: May 27, 2008<br>TIME: 2:00 p.m. |
| v. | |
| NAPOLEON ZEPEDA-MONTES, | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

**A.    Background**

On December 1, 1990, Napoleon Zepeda-Montes adjusted status to that of a Lawful Permanent Resident of the United States. In 2000 and 2001, Mr. Zepeda-Montes suffered criminal convictions and subsequently lost his Lawful Permanent Resident status in a hearing before Immigration Judge Michael O'Leary in Eloy, Arizona on August 17, 2006. At some point prior to his arrest on March 29, 2008, Mr. Zepeda-Montes' Lawful Permanent Resident Card was returned to his family by mail.

On March 29, 2008, Mr. Zepeda-Montes presented himself to U.S. Customs and Border Protection Officer Siapno at the San Ysidro Port of Entry. He provided Officer Siapno with the Lawful Permanent

---

[1] The facts presented are based on reports and documents provided by the government in discovery, the accuracy to which defense counsel cannot attest.

1  Resident Card that had been returned to him through the mail. He then expressed his intention to travel to
2  La Puente, California, where he planned to reunite himself with his family upon his readmission into the
3  United States. Officer Siapno queried the Lawful Permanent Resident Card utilizing the card reader at the
4  inspection booth, which indicated that the card no longer authorized admission. Mr. Zepeda-Montes was sent
5  to secondary inspection and arrested.

**B.        Relevant Procedural History**

Mr. Zepeda-Montes' arrest occurred on March 29, 2008. On April 15, 2008, Magistrate Judge Anthony J. Battaglia granted defense counsel's motion for preservation of all video surveillance at the San Ysidro Port of Entry depicting Mr. Zepeda-Montes on the day of his arrest.[2] On April 23, 2008, Assistant United States Attorney Jeffrey Moore confirmed to defense counsel that he had instructed the appropriate authorities to preserve the requested surveillance tapes. On the same day, an indictment was filed charging Mr. Zepeda-Montes with knowingly and intentionally attempting to enter the United States after deportation in violation of 8 U.S.C. § 1326. These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY

**A.        Background**

After Mr. Zepeda-Montes' arrest on March 29, 2008, defense counsel made an oral request to government counsel for discovery on April 2, 2008, and repeated that request in a more detailed letter dated April 8, 2008. On April 14 and May 8, 2008, defense counsel received some discovery, however, there remain discovery materials that the government has yet to produce. Mr. Zepeda-Montes hereby moves to compel the specific discovery set out below.

**B.        Specific Discovery Items**

First, Mr. Zepeda-Montes requests that the Court compel production of the video surveillance tapes from the San Ysidro Port of Entry that memorialized Mr. Zepeda-Montes actions at the port on the day of his arrest. On April 15, 2008, Magistrate Judge Battaglia ordered that these tapes be preserved, and government

---

[2] Defense counsel requested preservation of the surveillance tapes at the first scheduled preliminary hearing due to the purported practice by officials of destroying surveillance videos after 30 days.

1  counsel has since assured defense counsel that steps have been taken to assure their preservation. Mr. Zepeda-
2  Montes requests a copy of these tapes at the first available opportunity.

3  Second, Mr. Zepeda-Montes requests a copy of the audio recording of the removal proceedings on
4  August 17, 2006, and any other alleged removal proceedings involving Mr. Zepeda-Montes.

5  Third, defense counsel requests an opportunity to view and request copies of documents contained
6  in Mr. Zepeda-Montes' A-file.

7  Fourth, Mr. Zepeda-Montes requests any evidence of the chain of custody of Mr. Zepeda-Montes'
8  Lawful Permanent Resident Card from the original issuance by the INS up until the instant arrest.  In
9  particular, Mr. Zepeda-Montes requests evidence of the mailing of Mr. Zepeda-Montes' Lawful Permanent
10 Resident Card to his family residence by any federal, state, or local government official, including officials
11 employed by federal, state, or local detention or imprisonment facilities.  Mr. Zepeda-Montes requests that
12 the prosecutor be ordered to question all government agencies and individuals that may possess such evidence
13 or information to determine if such evidence exists, and if it does exist, to inform those parties to preserve any
14 such evidence.

15 Fifth, Mr. Zepeda-Montes requests notice of any proposed evidence of prior similar acts under
16 Federal Rule of Evidence 404(b) at least two weeks in advance of trial.  Sufficient notice requires the
17 government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred
18 from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis
19 added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993)
20 (reaffirming Mehrmanesh and reversing convictions).

### III.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

23 Mr. Zepeda-Montes has not yet reviewed his A file or received a copy of his the recording of his
24 alleged removal proceeding. As new information surfaces – via discovery provided by government, defense
25 investigation, or an order of this court – the defense may need to file further motions or to supplement existing
26 motions.  In particular, Mr. Zepeda-Montes anticipates collaterally attacking his deportation proceeding
27 pursuant to 8 U.S.C. § 1326(d).  Accordingly, he requests leave to file further motions at a later date.
28 //

## IV.

## **CONCLUSION**

For the reasons stated, Mr. Zepeda-Montes requests this Court grant his motions.

Respectfully submitted,

DATED:   May 15, 2008                                        /s/ Joseph M. McMullen
                                                             **JOSEPH M. McMULLEN**
                                                             Federal Defenders of San Diego, Inc.
                                                             Attorneys for Mr. Zepeda-Montes

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Stuart M. Young, AUSA**

Stuart.Young@usdoj.gov; efile.dkt.gc1@usdoj.gov

Dated: May 15, 2008                               */s/ Joseph M. McMullen*
                                                  JOSEPH M. McMULLEN
                                                  Federal Defenders of San Diego, Inc.
                                                  225 Broadway, Suite 900
                                                  San Diego, CA 92101-5030
                                                  (619) 234-8467  (tel)
                                                  (619) 687-2666  (fax)
                                                  e-mail: Joseph_McMullen@fd.org