KAREN P. HEWITT
United States Attorney
STEWART M. YOUNG
Assistant U.S. Attorney
California State Bar No. 234889
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6228

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>NAPOLEON ZEPEDA-MONTES,<br><br>                    Defendant. | CRIMINAL CASE NO. 3:08-CR-1275 H<br><br>DATE:     May 27, 2008<br>TIME:      2:00 P.M.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS<br><br>[9-1] TO COMPEL DISCOVERY; AND<br>[9-2] LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH A STATEMENT OF THE FACTS AND THE MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTIONS FOR:<br><br>(1) RECIPROCAL DISCOVERY |

   COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Stewart M. Young, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motion for Discovery and its Motion for Reciprocal Discovery.  This response and motion is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

   On April 23, 2008, the Government filed a one-count indictment charging Alberto Moreno-

Gomez ("Defendant") with violating 8 U.S.C. § 1326(a) and (b), attempted entry by a deported alien. On April 24, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

On March 29, 2008, at approximately 7:00 a.m., Defendant Napoleon Zepeda-Montes ("Defendant") applied for admission into the United States through the San Ysidro, California, Port of Entry. He applied for entry through the pedestrian lanes at the Port of Entry. At the time, defendant presented a Permanent Resident I-551 Resident Alien card bearing his name and photo. He stated to officers that he was going to La Puente, California.

The Customs and Border Protection officer at the pedestrian lane queried defendant's I-551 card with the card reader and found that defendant's card was not valid for use. At secondary inspection, defendant's fingerprints confirmed defendant's identity as a previously deported alien without permission to re-enter the United States. Records confirmed that defendant had been deported from the United States on August 17, 2006.

Defendant was read his Miranda rights and agreed to speak to agents. Defendant admitted he was a citizen of Mexico and that he had been deported by an Immigration Judge. He further admitted that he had not obtained permission to re-enter the United States and that he was heading to reunite with his family. He further stated that while serving his prison sentence in the United States that he received a Permanent Resident Alien Card by mail at his family's residence. After he was deported, his sister sent him the card by mail. He further admitted that he knew it was illegal to attempt to enter into the United States after deportation.

## III

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY

The United States intends to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act, 18 U.S.C. § 3500, Giglio v. United States, 405 U.S. 150 (1972), and Rule 16 of the Federal Rules of Criminal Procedure. The United States will also comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). Thus far, the United States has produced over sixty pages of discovery as well as a tape of the Defendant's post-

Miranda statements.

The United States recognizes its obligation under Rule 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The United States has produced all of Defendant's oral and written statements that are known to the undersigned Assistant U.S. Attorney at this date. If the United States discovers additional written or oral statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b) or 609, the United States will provide Defendant with official notice of its proposed use of such evidence and information about such bad acts at the time the United States' trial memorandum is filed.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or intended for use by the United States as evidence in chief at trial, or obtained from or belongs to Defendant, including photographs. The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules.

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705. The United States will also turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

As to defendant's specific requests, the United States' responses are as follows: Defendant requested production of the video surveillance tapes from the San Ysidro Port of Entry on the date of defendant's arrest. The AUSA previously assigned to the case requested preservation of any surveillance tapes as of the date of Judge Battaglia's order, and the undersigned AUSA made a follow-up request for these tapes. According to CBP, there was a problem with the underlying tapes prior to the preservation order made by Judge Battaglia, and no tapes were actually preserved. The United States does not have these tapes in its possession and is unable to produce those tapes due to the problems associated with

the taping at CBP pedestrian lane.

The United States has ordered a copy of the defendant's removal proceedings on August 17, 2006, and will provide a copy of this and any other removal proceedings once it is produced to this office. The United States will comply with its obligations discussed above in reference to a viewing of the A-File, but objects to any blanket order for a review of the A-File. The undersigned AUSA is well aware of the discovery obligations regarding the A-File and will provide defense counsel with all documents to be used in the case-in-chief, as well as any documents that might be <u>Brady</u> material, <u>Jenks</u> material, or come under any other discovery obligations of Rule 16.

The United States will provide Defendant with any information it possesses with respect to defendant's I-551 Resident Alien card, but objects to a request for the chain of custody evidence as to this card. The United States objects to any order compelling the undersigned AUSA to "question all government agencies and individuals that may possess such evidence or information to determine if such evidence exists." Given the massive number of agencies in the federal government, the undersigned AUSA objects to any such order, but will endeavor to track down any relevant information from the pertinent agencies involved (ICE, CBP, legacy INS, etc).

Finally, the United States will comply with proper notice requirements of 404(b) evidence, but objects to an order that such evidence *must* be provided at least two weeks in advance of trial.

## IV

## **NO OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## V

## **MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby moves for reciprocal discovery from the Defendant. To date Defendant has not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and

all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

# V

# **CONCLUSION**

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions for Discovery, and requests that its Motion for Reciprocal Discovery be granted.

DATED: May 20, 2008

                                          Respectfully Submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          *s/Stewart M. Young*
                                          STEWART M. YOUNG
                                          Assistant U.S. Attorney
                                          Email: stewart.young@usdoj.gov

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 3:08-CR-1275 H |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| NAPOLEON ZEPEDA-MONTES, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, Stewart M. Young, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motions for Discovery and its Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Joe McMullen, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2008.

s/ *Stewart M. Young*
Stewart M. Young