KAREN P. HEWITT
United States Attorney
STEWART M. YOUNG
Assistant U.S. Attorney
California State Bar No. 234889
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6228

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>NAPOLEON ZEPEDA-MONTES,<br><br>　　　　　　Defendant. | CRIMINAL CASE NO. 3:08-CR-1275 H<br><br>DATE:　August 25, 2008<br>TIME:　2:00 P.M.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS<br><br>[14-1] TO COMPEL DISCOVERY; AND<br>[14-2] LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH A STATEMENT OF THE FACTS AND THE MEMORANDUM OF POINTS AND AUTHORITIES |

　　　　COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Stewart M. Young, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motion to Suppress Statements.  This response and motion is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

　　　　On April 23, 2008, the Government filed a one-count indictment charging Alberto Moreno-

Gomez ("Defendant") with violating 8 U.S.C. § 1326(a) and (b), attempted entry by a deported alien. On April 24, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

On March 29, 2008, at approximately 7:00 a.m., Defendant Napoleon Zepeda-Montes ("Defendant") applied for admission into the United States through the San Ysidro, California, Port of Entry. He applied for entry through the pedestrian lanes at the Port of Entry. At the time, defendant presented a Permanent Resident I-551 Resident Alien card bearing his name and photo. He stated to officers that he was going to La Puente, California.

The Customs and Border Protection officer at the pedestrian lane queried defendant's I-551 card with the card reader and found that defendant's card was not valid for use. At secondary inspection, defendant's fingerprints confirmed defendant's identity as a previously deported alien without permission to re-enter the United States. Records confirmed that defendant had been deported from the United States on August 17, 2006.

Defendant was read his Miranda rights and agreed to speak to agents. Defendant admitted he was a citizen of Mexico and that he had been deported by an Immigration Judge. He further admitted that he had not obtained permission to re-enter the United States and that he was heading to reunite with his family. He further stated that while serving his prison sentence in the United States that he received a Permanent Resident Alien Card by mail at his family's residence. After he was deported, his sister sent him the card by mail. He further admitted that he knew it was illegal to attempt to enter into the United States after deportation.

In 2000 and 2001, Defendant suffered criminal convictions. He was sent his renewed LPR card in 2001, which was apparently sent to his family while he was incarcerated. In August 2006, Defendant was ordered deported by an Immigration Judge. Defendant was subsequently deported and removed from the United States following that deportation order.

**III**

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO SUPPRESS STATEMENTS**

On August 19, 2008, Defendant filed his motion to suppress statements. Defendant alleges that he was placed in a cell without food or his medication and was held there for nearly six hours. He alleges that "not until after agents concluded their interrogation [] was [he] given access to food, or an opportunity to consult a doctor about getting his needed medication." Def's Mot. to Suppress Statements, at 2. According to Defendant's declaration, Defendant "was placed in a cell for several hours and not allowed to eat until after I agreed to speak with the agents who interrogated me." Def's Decl. at 1. Furthermore, Defendant alleges that he "was also not allowed to consult a doctor about receiving medication for my condition until after I agreed to speak with the agents."

Given that Defendant's motion was filed less than a week before the motion hearing date, the United States has not had ample time to translate/transcribe the DVD of Defendant's statements. The United States submits that the Court should be afforded an opportunity to view the DVD and also read the translated statements. Accordingly, the United States requests an opportunity to submit both the DVD of statements and a translated transcription of those statements to the Court.

**A. The Government Properly Mirandized Defendant.**

In this case, Miranda warnings did precede custodial interrogation. Any questions that were asked prior to Miranda warnings being given were solely biographical-type questions. United States v. Washington, 462 F.3d 1124, 1132-1133 (9th Cir. 2006). Accordingly, agents did not violate Miranda by asking routine booking questions prior to providing Defendant with his Miranda warnings.

**B. Defendant's Statements Were Voluntary.**

Defendant argues that his statements were involuntary because his statements were taken out of the "six hour safe-harbor" and, apparently, because the agents deprived Defendant of food or medicine given his diabetic condition. As to the six-hour safe-harbor provision, the United States is unsure of exactly what Defendant alleges. Specifically looking to the time-frame of the arrest and the statements, Defendant was Mirandized and spoke to agents within six hours. According to the reports and Defendant's own filing, Defendant was sent to secondary and then arrested at approximately 7:00 am. Reports indicate that Defendant received his Miranda warnings at approximately 12:28 p.m., which is

well within the six-hour safe-harbor provision. Furthermore, the debrief lasted for approximately 45 minutes, and Defendant was on his way at approximately 1:15 pm. Clearly, the United States did not violate the six-hour safe harbor provision, and Defendant's allegations to the contrary are lacking.

As to any further allegations that Defendant's statements were involuntary, the United States submits that the DVD statements clearly demonstrate that Defendant was not coerced and that the United States complied with its duties. It appears that defendant alleges that he could not have agreed to waive his Miranda rights given his condition. According to the reports, Defendant was questioned regarding his health and he stated he was a diabetic, but in relative good health. Furthermore, according to the agents conducting the debrief, "Defendant appeared to be alert and coherent and answered questions in a rational manner." Indeed, during the debrief, a jug of water and a cup are in plain view of Defendant and provided for the Defendant if he desired it.

No threats, physical intimidation, or psychological pressure was exerted by the agents to induce Defendant's statements. Hutto v. Ross, 429 U.S. 28, 30 (1976); Townsend v. Sain, 372 U.S. 293, 307 (1963). While the Government argues that Defendant's statements were not coerced or involuntarily provided and argues that he was not in a condition that should lead to suppression of these statements, the Government does not oppose an evidentiary hearing conducted by the court on this issue. Additionally, the Government requests the opportunity to provide to the Court the DVD and the translated/transcribed statements once those have been translated and transcribed, so that the Court can make its own determination as well.

**IV**

**NO OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

# V

# **CONCLUSION**

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions for Discovery, and requests that its Motion for Reciprocal Discovery be granted.

DATED: August 25, 2008

                                                                       Respectfully Submitted,

                                                                       KAREN P. HEWITT
                                                                       United States Attorney

                                                                       *s/Stewart M. Young*
                                                                       STEWART M. YOUNG
                                                                       Assistant U.S. Attorney
                                                                       Email: stewart.young@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | Criminal Case No. 3:08-CR-1275 H |
| )  Plaintiff,            ) | |
| v.                            ) | CERTIFICATE OF SERVICE |
| )  NAPOLEON ZEPEDA-MONTES,            ) | |
| )  Defendants.            ) | |

IT IS HEREBY CERTIFIED THAT:

I, Stewart M. Young, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motions for Discovery and its Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Joe McMullen, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2008.

s/ *Stewart M. Young*
Stewart M. Young